UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY D.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C19-5492-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her testimony, assessing the lay evidence, and assessing medical opinions.[1] (Dkt. # 10 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1969, has a high school diploma, and has worked as a store

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. (Dkt. # 10 at 2, 17-18.) Accordingly, these issues need not be addressed separately.

ORDER - 1

cashier/stocker, seafood processor, and courier. AR at 39, 234-40, 252. Plaintiff was last gainfully employed in January 2009. *Id.* at 252.

In January 2015, Plaintiff applied for benefits, alleging disability as of January 1, 2015. AR at 96, 221-28. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 138-51, 156-65. After the ALJ conducted a hearing on May 30, 2018 (*id.* at 34-67), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-29.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since January 6, 2015, the application date.

Step two: Plaintiff's diabetes mellitus, ankle degenerative joint disease, pes planus, anxiety not otherwise specified, post-traumatic stress disorder, and major depressive disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

RFC: Plaintiff can perform light work with additional limitations: she must be permitted to change from sitting to standing or standing to sitting approximately every 30 minutes at the workstation. She can occasionally push and pull bilaterally. She can never climb ladders, ropes, or scaffolds. She can never crawl. She can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. She can occasionally reach overhead. She must avoid concentrated exposure to pulmonary irritants and hazards. She is limited to simple, repetitive, routine tasks consistent with unskilled work. She cannot interact with the public. She can occasionally interact with co-workers and supervisors. Her regular job duties cannot include driving.

Step four: Plaintiff does not have past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17-29.

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Discounting Plaintiff's Subjective Allegations

The ALJ discounted Plaintiff's subjective allegations, finding them inconsistent with the record, which showed mild physical and mental exam findings and lack of treatment. AR at 23-25. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit.[4] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's identification of inconsistent physical exam findings, as well as "overall lack of treatment beyond conservative means and intermittent medical visits", represents a misapplication of the objective evidence test, because an ALJ cannot reject a claimant's "testimony about the extent or severity of her symptoms based solely upon whether objective evidence supports the degree of limitations alleged by [a claimant]." (Dkt. # 10 at 10.) But the ALJ here found that the record was *inconsistent* with the Plaintiff's alleged physical limitations, rather than simply finding a lack of corroboration in the record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Plaintiff's opening brief does not identify any error in the ALJ's findings that the physical examinations were inconsistent with Plaintiff's allegations, or that Plaintiff's minimal, conservative treatment for her physical conditions undermined her allegations of disabling physical limitations. These findings are supported by substantial evidence and serve as clear and convincing reasons to discount Plaintiff's allegations.

---

[4] Plaintiff's opening brief also summarizes her own statements at length. (Dkt. # 10 at 11-15.) This summary is an unnecessary use of briefing and fails to advance any legal argument.

The ALJ also accurately found that Plaintiff received minimal mental health treatment, frequently canceling therapy appointments due to illness and eventually was discharged due to loss of contact, which reasonably undermined her allegations of disabling mental symptoms. AR at 25 (citing *id.* at 386, 389, 391, 393, 396, 476). Plaintiff suggests that the ALJ should not have discounted her testimony based on lack of treatment without considering the reasons provided to explain that lack of treatment (dkt. # 10 at 11), but cites no portion of the record where the Plaintiff offered such a reason. Plaintiff frequently cited physical illness as the reason why she canceled appointments (AR at 386, 393, 476, 484), but that does not suggest a lack of insight into her mental illness or any other reason that would contradict the inference drawn by the ALJ. Under these circumstances, Plaintiff has not shown that the ALJ erred in discounting Plaintiff's mental allegations based on minimal engagement with treatment. *Molina*, 674 F.3d at 1113-14.

The ALJ also noted that Plaintiff's counselor documented Plaintiff changing her version of a story (AR at 406-07), and the ALJ inferred from this note that Plaintiff is not a reliable historian. *Id.* at 25. Plaintiff agrees that she is not a reliable historian (dkt. # 10 at 11), but contends that her unreliability is not due to an intentional desire to mislead. (Dkt. # 12 at 7.) The ALJ did not find that Plaintiff intentionally misled either her counselor or the ALJ, however: the ALJ reasoned that because Plaintiff changed the facts of a story during a session with a counselor, the inconsistencies in her allegations "undermine the weight that can be given to her subjective symptom reports." AR at 25. This is a reasonable inference, even if a different inference could also be drawn, and thus Plaintiff has not shown that the ALJ erred in this finding or in discounting Plaintiff's allegations based on inconsistencies. *See, e.g.*, Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) ("[W]e will consider the

consistency of the individual's own statements" in determining the weight to be assigned to a claimant's testimony).

Because the ALJ provided these clear and convincing reasons to discount Plaintiff's testimony, the Court affirms the ALJ's assessment of Plaintiff's testimony and finds that any errors in the ALJ's assessment are harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

### B. The ALJ Did Not Harmfully Err as to Lay Evidence

The ALJ discussed the lay statements from Plaintiff's family members (AR at 274-81, 312-21), summarizing their statements, and finding them to be inconsistent with the opinion report of an examining psychologist. *Id*. at 27. Inconsistency with a medical opinion is a legally sufficient reason to discount a lay statement. *See Bayliss*, 427 F.3d at 1218.

Plaintiff contends that the lay statements are not "meaningfully inconsistent" with Dr. Alvord's opinion (dkt. # 10 at 17), but the Court disagrees. Plaintiff's family members described an inability to drive, along with significant social limitations, whereas Dr. Alvord noted that Plaintiff reported no driving limitations and he found that her social limitations were only mild to moderate. *Compare* AR at 277, 279, 312, 314, 319 *with id*. at 436, 438. Thus, the Court finds that the ALJ did not err in discounting the lay statements based on inconsistency with a medical opinion.

Plaintiff also argues that the ALJ erred in failing to discuss the observations of an agency employee, who described Plaintiff as having difficulty with understanding and talking, as she "was easily confused, had obvious speech impediment." AR at 247-48. This observation does not constitute significant, probative evidence that the ALJ rejected, and was required to explicitly discuss, because the problems described by the agency employee are arguably accounted for in

the ALJ's RFC assessment. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"); *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (holding that the ALJ "may not reject 'significant probative evidence' without explanation" (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984))). The ALJ included cognitive and social limitations in the RFC assessment (AR at 22) that accommodates Plaintiff's problems understanding and talking that the agency employee observed. Although no diagnosis of a speech impediment is found in the record, Plaintiff's attorney explained at the hearing that she has trouble speaking when she is nervous around people (*id.* at 38), and thus the ALJ's social restrictions also address the speech issue.

In her reply brief, Plaintiff states that the ALJ's RFC assessment does not fully account for the agency employee's observations, but does not explain how this is the case. (Dkt. # 12 at 8.) Without providing any legal argument or analysis of this issue, Plaintiff has not met her burden to show that the ALJ harmfully erred in failing to discuss the employee's observations.

**C.     The ALJ Did Not Err in Assessing Medical Evidence**

Plaintiff challenges the ALJ's assessment of multiple medical opinions, each of which the Court will address in turn.

*1.     Legal Standards*

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2. Kimberly Wheeler, Ph.D.

Dr. Wheeler examined Plaintiff in April 2014 and completed a DSHS form opinion describing her symptoms and limitations. AR at 325-29. This opinion predates the January 1, 2015 alleged onset date, and thus has limited relevance, as the ALJ noted among other reasons to discount Dr. Wheeler's opinion. *Id.* at 25. This is a specific, legitimate reason to discount Dr. Wheeler's opinion. *See Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Even if the other reasons provided by the ALJ are erroneous, as argued by Plaintiff, this reason is valid and any errors are harmless. *See Id.* at 1162-63.

Plaintiff suggests that the timing of Dr. Wheeler's opinion is not a valid reason to discount Dr. Wheeler's opinion because at the time of the examination, Plaintiff had a disability claim pending in the Ninth Circuit in which she alleged an onset date of January 1, 2000. But the Ninth Circuit affirmed the Commissioner's denial of that application, and specifically affirmed the prior ALJ's discounting of Dr. Wheeler's opinion. *See [Kimberly D.] v. Berryhill*, 762 Fed. Appx. 439, 441 (9th Cir. Mar. 11, 2019). Thus, Plaintiff's reference to her prior application is unavailing here.

### 3. Scott Alvord, Psy.D.

Dr. Alvord examined Plaintiff in August 2016 and wrote a narrative report describing her symptoms and limitations. AR at 434-39. Dr. Alvord described at most mild-to-moderate deficits in Plaintiff's mental capabilities. *Id.* at 438. The ALJ gave significant weight to Dr. Alvord's opinion. *Id.* at 26.

Plaintiff argues that the ALJ erred in "failing to include in his [RFC] assessment all of the limitations described by Dr. Alvord" (dkt. # 10 at 6), but Plaintiff does not identify any particular

omitted limitation. It is not clear that any of the limitations identified by Dr. Alvord would be inconsistent with the ALJ's RFC assessment, which includes cognitive and social limitations. *Compare* AR at 22 *with id*. at 438. Because the deficits described by Dr. Alvord are not necessarily more severe than those described by the ALJ, Plaintiff has not shown that the ALJ erred in assessing Dr. Alvord's opinion. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

### 4. Patricia Sylwester, M.D.

Dr. Sylwester examined Plaintiff in August 2016 and wrote a narrative report describing Plaintiff's physical symptoms and limitations. AR at 430-33. The ALJ credited most of Dr. Sylwester's opinion, but rejected the finding that Plaintiff was limited to standing/walking for less than four hours in a workday due to radicular pain. AR at 26, 433. The ALJ found that limitation to be unsupported by any objective evidence, and inconsistent with the generally normal physical examinations as well as Plaintiff's activities. AR at 26.

Plaintiff argues that the ALJ's reasons are not legitimate because Dr. Sylwester "was able to base her opinion on her independent clinical findings, and her findings are consistent with her opinion." (Dkt. # 10 at 7.) But Dr. Sylwester did not cite clinical findings as the basis for her opinion regarding Plaintiff's standing/walking limitations: she cited Plaintiff's self-reported pain complaints. AR at 433. The ALJ gave clear and convincing reasons to discount Plaintiff's self-reported physical pain, as discussed *supra*.

Furthermore, as noted by the Commissioner, Dr. Sylwester's clinical findings did not necessarily indicate that Plaintiff could not stand/walk more than four hours per day: Plaintiff demonstrated normal gait, full leg strength, and normal range of motion. AR at 431-32. There

were some abnormalities on examination, such as the inability to hop on one foot and unsteady tandem walk (*Id.* at 432), but those findings do not necessarily indicate that Plaintiff was unable to walk for more than four hours per day.[5]

### 5. *Miscellaneous Medical Findings*

Plaintiff's opening brief summarizes miscellaneous medical findings but does not tie them to an alleged error in the ALJ's decision. (Dkt. # 10 at 7-9.) Because this summary is unaccompanied by legal argument, the Court need not address this section further.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[5] Furthermore, the ALJ found at step five that Plaintiff was able to perform two sedentary jobs, which would seem to render harmless any error in the ALJ's rejection of the standing/walking limitation opined by Dr. Sylwester. AR at 28.